UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRANCE TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-893-SRW |
| ) | |
| ALTA BATES MEDICAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are two motions filed by self-represented Plaintiff Terrance Turner: an 'Application to Proceed in District Court Without Prepaying Fees or Costs' and a 'Motion to Form Leave.' ECF Nos. 2-3. As explained below, both motions will be denied without prejudice. If Plaintiff wishes to proceed in this action, he should pay the full filing fee of $405 within thirty (30) days of this Order.

**Plaintiff's Filings**

Plaintiff is a resident and citizen of the state of Virginia. ECF No. 1 at 1 & 3. He brings this civil case against the Alta Bates Medical Center in Berkeley, California; the U.S. Department of Justice; the Federal Trade Commission; and "USSOCOM" (United States Special Operations Command).[1] *Id.* 1-2. The allegations of Plaintiff's complaint are mostly nonsensical, including an assertion that "[t]he country is going through a process where humans are being turned into monsters, androids, cyborgs, robots, machines, [and] other forms of alien species where their bodies are undergoing direct harm, through coordinated conspiracy assaults, and there is no way

---

[1] Plaintiff lists multiple other parties under 'Defendant No. 4' USSOCOM on his complaint, including "FBI, CIA, Secret Service, IRS, SEC, DHS, BATF, [and] NSA." *See* ECF No. 1 at 2. It is unclear whether he intends to name these parties as defendants in this case.

to stop these people from acting upon humans." *Id.* at 4. Plaintiff states that he has "been through this personally, millions of times." *Id.* at 4-5. On his Civil Cover Sheet, Plaintiff describes this case as a "[c]riminal malicious intent to perform monster, android, cyborg conversion on an individual seeking help[,] medical assistance, and aid and nutrition." ECF No. 1-3.

Along with his complaint, Plaintiff filed an 'Application to Proceed in District Court without Prepaying Fees or Costs.' ECF No. 2. In his Application, Plaintiff states that his average monthly income over the past year was $978, he has $500 in cash and $800 in a checking account, he owns intellectual property assets valued at two million dollars, and three organizations owe him a total of twenty-four million dollars. *Id.* at 1-3. In terms of expenses, no one relies on Plaintiff for financial support and his average monthly costs total $3,440. *Id.* at 4-5.

At the time of case initiation, Plaintiff also filed a 'Motion to Form Leave.' ECF No. 3. This four-page motion is completely nonsensical, seemingly focused on Plaintiff's employment experiences, including a "legit sales job" that turned out to be a "CIA jewelry Hezbollah Israel German Government op." *Id.* at 2. The only relief this motion seems to request is to proceed in this case without the prepayment of fees and costs. *Id.* at 4 ("I am making a motion to proceed without fees"). Such request is duplicative of the relief sought in Plaintiff's Application. In addition, this motion is unsigned. *See* E.D. Mo. Local Rule 2.01(A)(1) ("All filings … shall contain the signature of the self-represented party or the party's attorney.").

**Plaintiff's Litigation History**

A review of court filings on Pacer.gov reveals that Plaintiff was found to be a vexatious and abusive filer in 2023 and was "**BARRED** from filing future actions *in forma pauperis* in [the Northern District of Texas] or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which he is the

plaintiff, should not be reviewed by the court." *See Turner v. Trugreen Ltd. P'ship*, No. 3:23-CV-989-G-BK, ECF No. 9 at 10 (N.D. Tex. May 11, 2023).  In the Texas district court case in which this sanction was issued, Plaintiff named many of the same defendants and relied on a similar list of bases for federal question jurisdiction, as the instant matter.[2]  The Texas court took judicial notice of more than sixty cases Plaintiff had filed nationwide in the preceding two years, finding that most of those cases had been dismissed for failure to comply with a court order or for lack of prosecution.  The Court also noted that in many of those cases, Plaintiff's pleadings were illogical, unintelligible, conclusory, vague, scandalous, and incomprehensible.  The Texas court dismissed Plaintiff's case as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B) and issued the sanction on Plaintiff's future filings.  *Id.*

## Discussion

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Proceeding without prepayment, or *in forma pauperis* status, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, according to Plaintiff's sworn Application, he owns intellectual property assets

---

[2] In both this case and the dismissed case from the Northern District of Texas, Plaintiff appears to name defendants USSOCOM, FBI, CIA, NSA, and Secret Service.  Also, both cases had similar lists of bases for federal question jurisdiction, including:
> U.S. Jurisdiction Common Law, Breach of Contract, U.S. Business Law, U.S. Contract Law, The Uniform Commercial Code, Fraud Statutes, Criminal Code, UCMJ, Negligence ~ Sec. 802 & Sec 808 H.R. 3162, H.R. 6166, 18 U.S.C. § 241 … [and] 18 U.S.C. Code § 1038

ECF No. 1 at 3.

valued at two million dollars, and he is owed 24 million dollars by three organizations. Therefore, regardless of the filing injunction against Plaintiff issued by the Texas court, this Court finds that Plaintiff does not qualify for *in forma pauperis* status because his finances indicate that he can afford to pay the $405 filing fee. Plaintiff's Application to Proceed without Prepaying will be denied. In addition, Plaintiff's Motion to Form Leave will also be denied because it is incomprehensible and unsigned.

For these reasons, Plaintiff's two motions will be denied without prejudice. If Plaintiff wishes to proceed in this action, he must pay the full $405 filing fee for this case, within thirty (30) days of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees and Costs [ECF No. 2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must pay the full $405 filing fee, within **thirty (30) days** of the date of this Order if he wishes to proceed in this civil action.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Form Leave [ECF No. 3] is **DENIED** without prejudice.

**Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 20th day of August, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

-4-